IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CHARLES BERNARD ROBINSON, JR.,
        Plaintiff,

vs.                                              Case No. 3:12cv227/MCR/CJK

R. TIFFT, et al.,
        Defendants.

_____

REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se* and *in forma pauperis*, has filed a first amended civil rights complaint under 42 U.S.C. § 1983. (Doc. 10). The initial partial filing fee has been paid. (Doc. 6). Upon review of the complaint, the Court concludes that this case should be dismissed as malicious for plaintiff's abuse of the judicial process.

Plaintiff was an inmate of the Florida Department of Corrections (DOC), confined at Santa Rosa Correctional Institution (Santa Rosa CI) at all times relevant to his complaint. (Doc. 10). Plaintiff is suing three DOC officials, claiming that they violated his constitutional rights when they used "chemical agents on a mentally impaired inmate." (Doc. 10, pp. 8-9). Plaintiff contends that as a result of being subjected to the chemical agent, he cannot sleep most nights and has lasting psychological injury. (Doc. 10, p. 9). As relief, plaintiff seeks: A) $20,000 in compensatory damages; B) $20,000 in punitive damages; C) nominal damages; D)

declaratory judgment; E) injunctive relief; F) reimbursement of attorney fees; and G) a trial by jury. (Doc. 10, pp. 13, 15).

## DISCUSSION

Because plaintiff is proceeding *in forma pauperis*, the Court is required to dismiss the case at any time if it determines that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Plaintiff filed his amended complaint on August 22, 2012, the date reflected on the institutional date-of-mailing stamp. (Doc. 10, p. 1). On page three of the civil rights complaint form, Section IV(B) Previous Lawsuits, is the following question: "Have you initiated other actions in federal court dealing with the same or similar facts/issues involved in this action?" (Doc. 10, p. 3). Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (B), plaintiff marked "Yes." (Doc. 10, p. 3). The complaint form then directs the prisoner to describe each action, attaching additional pages if necessary. Plaintiff disclosed one case: *Robinson v. Tifft, et al.*, Case Number 3:11cv560/LC/CJK, a civil rights case plaintiff filed in this Court on November 22, 2011.

On page four of the civil rights complaint form, Section IV(C), Previous Lawsuits, is the following question: "Have you initiated other actions (*besides those listed above in Questions (A) and (B)*)[1] in either state or federal court that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and

---

[1] Question (A) asked plaintiff whether he had initiated other actions in state court dealing with the same or similar facts/issues involved in the present action. Plaintiff answered "No" to Question (A) and disclosed no cases. (Doc. 10, p. 3).

whether it involved excessive force or some other wrong)?"  (Doc. 10, p. 4).  Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (C), plaintiff marked "Yes."  (Doc. 10, p. 4).  The complaint form then directs the prisoner to describe each action, attaching additional pages if necessary.  Plaintiff disclosed one federal case.  The federal case plaintiff disclosed was *Robinson v. Kozlowski, et al.*, Case Number 2:08cv200/CEH/SPC, a civil rights case plaintiff initiated in the United States District Court for the Middle District of Florida ("Middle District") on March 8, 2008. On that same page of the complaint form, Section IV(D), is the following question: "Have you ever had any actions in federal court dismissed as frivolous, malicious, failing to state a claim, or prior to service?"  (Doc. 10, p. 4).  Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (D), plaintiff marked "Yes."  (Doc. 10, p. 4).  Plaintiff disclosed one federal case, *Robinson v. Kozlowski et al.*, Case Number 2:07cv622/MMH/SPC, filed in the Middle District on September 26, 2007.  (Doc. 10, p. 4).  In addition to these cases, plaintiff also listed three state cases on a separate page under the heading "IV. Previous Lawsuits/Continuance." (Doc. 10, p. 5).  Plaintiff disclosed no other cases.

At the end of the civil rights complaint form, plaintiff signed his name after the following statement: "I declare under penalty of perjury that the foregoing statements of fact, including all continuation pages, are true and correct."  (Doc. 10, p. 13).  Thus, plaintiff has in effect stated that he initiated no other lawsuits in federal court relating to the conditions of his confinement.

As a matter of course, this Court attempts to make an independent investigation into whether or not litigants truthfully complete the civil rights complaint forms, especially when a lack of candor in informing the Court of prior lawsuits may affect

the court's jurisdiction. Further, in the light of 28 U.S.C. § 1915(g)[2], the Court must necessarily investigate the prior filings of a prisoner to enforce the so-called "three strikes" provision. The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the reasons for their dismissal can be considerable. As the Eleventh Circuit explained: "[T]he task of counting strikes involves more than sophomoric arithmetic. Courts must search records of the prisoner's prior federal cases to determine whether judicial officers 'on 3 or more prior occasions' entered orders of dismissals and, if so, whether the reason for the dismissals were frivolousness, maliciousness or failure to state a claim upon which relief may be granted." *Rivera v. Allin*, 144 F.3d 719, 726 (11th Cir. 1998) (citing 28 U.S.C. § 1915(g)), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007).

The Clerk has advised and the Court may take judicial notice, that at the time plaintiff filed his amended complaint on August 22, 2012, plaintiff had initiated at least two other civil rights action in this Court that he failed to disclose.[3] On July 2, 2009, plaintiff initiated *Robinson v. Bryant, et al.*, Case Number 1:09cv151/MP/AK. There, plaintiff complained of the conditions of his confinement at Florida State Prison, claiming that prison officials retaliated against him, denied him access to the law library, and ignored his grievances. On December 15, 2011 (the date reflected

---

[2] Section 1915(g) provides that "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," the prisoner may not bring an action *in forma pauperis* unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

[3] Plaintiff also failed to disclose these cases in his original complaint (doc. 1).

on the institutional mailing stamp), plaintiff initiated *Robinson v. Tifft, et al.*, Case Number 3:11cv616/LC/CJK.[4]  There, plaintiff complained that following a declared mental health emergency, he was sprayed with chemical agents.  Plaintiff did not disclose either of these cases in the instant complaint.

The Court has the authority to control and manage matters such as this pending before it, and plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the Court.  If the Court cannot rely on the statements or responses made by the parties, it threatens the quality of justice.  The Court will not tolerate false responses or statements in any pleading or motion filed before it.  Here, plaintiff falsely responded to a question on the complaint form, as detailed above.  Plaintiff knew from reading the complaint form that disclosure of all prior actions was required.  The complaint form expressly warns prisoners: "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE.  IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL." (Doc. 10, p. 3).  If plaintiff suffered no penalty for his untruthful response, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form.  Therefore, this Court should not allow plaintiff's false response to go unpunished.  The undersigned recommends that an appropriate sanction for plaintiff's abuse of the judicial process in not providing the Court with true factual statements or responses is to dismiss this case without prejudice.

Accordingly, it is respectfully RECOMMENDED:

---

[4] This case was administratively closed after it came to the undersigned's attention that plaintiff was attempting to file the complaint as an amended complaint in 3:11cv560/LC/CJK.

1.  That this case be DISMISSED WITHOUT PREJUDICE as malicious under 28 U.S.C. §1915(e)(2)(B)(i) for plaintiff's abuse of the judicial process.

2.  That the Clerk be directed to close the file.

At Pensacola, Florida this 22nd day of February, 2013.

*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

<u>NOTICE TO THE PARTIES</u>

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).